UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BAKER COUNTY MEDICAL SERVICES
INC., etc.,

    Plaintiff,

v.                                CASE NO. 3:05-cv-541-J-33HTS

SUMMIT SMITH, L.L.C.,
etc., et al.,

    Defendants and Third
    Party Plaintiffs,

v.

McQUAY INTERNATIONAL, et al.,

    Third Party Defendants.

**O R D E R**

This cause is before the Court on Plaintiff's Partially Consented Motion to Extend Discovery for Limited Purposes and for Leave to Take Additional Depositions by Plaintiff (Docs. ##107, 108; Motions), filed on December 13, 2006. It is represented therein that "[c]ounsel for the Defendants and counsel for McQuay have consented to [the Motions]. Counsel for the Third-Party Defendant, ECI objects." Motions at 4. On December 15, 2006, however, the Notice of Clarification Regarding Summit's Consent to Plaintiff's Partially Consented to Motions to Extend Discovery for Limited Purposes and for Leave to Take an Additional Four

Depositions (Doc. #109; Notice) was submitted to clarify the terms of Defendants' consent to the Motions.  The Notice explains that consent was conditioned upon their being able to conduct full discovery "for a period of 30 days beyond the date of Plaintiff's last deposition[.]"  Notice at 2.  Third-Party Defendant Engineering Concepts, Inc., filed its opposition on December 20, 2006.  Engineering Concepts, Inc.'s Response and Memorandum of Law in Opposition to Plaintiff's Partially Consented Motion to Extend Discovery and for Leave to Take Additional Depositions (Doc. #111).

The Motions request "the Court to extend discovery for limited purposes until January 31, 2007, and for the Plaintiff to be allowed to take four additional depositions[.]" Motions at 2.  The additional discovery is presumably sought regarding "reports furnished by [Third-Party Defendant] McQuay from its two expert witnesses[, which] were provided to the Plaintiff in November 2006."  *Id.*

In this case, a scheduling order was entered on October 11, 2005, directing that discovery be completed "no later than December 15, 2006."  Case Management and Scheduling Order (Doc. #19) (emphasis omitted).  Rule 16(b), Federal Rules of Civil Procedure (Rule(s)), states that a scheduling order "shall not be modified except upon a showing of good cause[.]"  In addition, Rules 30(a)(2)(A) and 31(a)(2)(A) generally limit the number of depositions per side to ten.

With respect to the requested additional depositions, it has been "held that a party seeking to exceed the presumptive number of depositions must make a 'particularized showing of why the discovery is necessary.'" *Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co.*, No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (quoting *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)). Such a particularized showing is necessary in light of Rules 30(a)(2)(A) and 31(a)(2)(A), which require consideration of "the principles stated in Rule 26(b)(2)" in determining whether to grant leave to take more than ten depositions. These principles necessitate determinations of whether

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 26(b)(2)(C).

In requesting the additional depositions, Plaintiff does not directly address these criteria nor does it make any particularized showing of why the depositions are necessary. Lacking this information, the Court is without justification to grant the taking of the four additional depositions. Furthermore, no good cause

showing has been made that discovery, aside from the depositions, should be extended until January 31, 2007.

Based on the foregoing, the Motions (Docs. ##107, 108) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of January, 2007.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and pro se parties, if any