UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BAKER COUNTY MEDICAL SERVICES, INC.,

    Plaintiff/Counter Defendant,

vs.                                    Case No.  3:05-cv-541-J-33HTS

SUMMIT SMITH L.L.C., et al.,

    Defendants/Counter Plaintiff.

SUMMIT SMITH L.L.C., et al.,

    Third Party Plaintiffs,

vs.

ENGINEERING CONCEPTS, INC.,

    Third Party Defendants.

_____/

ORDER

    This cause comes before the Court pursuant to Defendants' Motion
for Final Summary Judgment on Plaintiff's Complaint (Doc. #89), filed
on October 18, 2006; Defendants' Motion for Partial Summary Judgment
as to Plaintiff's Damages (Doc. #116), filed on January 30, 2007; and
ECI's Motion for Summary Judgment (Doc. #118), filed on January 30,
2007.  Responses were filed to each motion. (Doc. ##100, 121, 136).
For the reasons stated below, the Court denies each motion.

**I. Facts**

    On September 20, 2005, Baker County filed its second amended
complaint, containing a single count for breach of contract, against
Defendants, Summit Smith, L.L.C., and C.D. Smith Construction

("Defendants").[1] (Doc. #15). Defendants filed a third party complaint against, <u>inter</u> <u>alia</u>,[2] Engineering Concepts ("ECI"), for contribution and indemnification.

The causes of action stem from the construction of a hospital, nursing home, and doctors' building ("hospital") in Macclenny, Florida. Baker County and Defendants entered into a two-phase agreement. The first phase consisted of site planning, financial analysis, regulatory approvals, and other pre-construction services. (Doc. #15 at 3). After completion of the first phase, Baker County had the option to proceed to the second phase, the design and construction of the hospital. (<u>Id.</u>) Baker County opted to proceed with the second phase.

Originally, the construction plans included a type of air conditioning system known as a chiller system. In a chiller system, piping is installed throughout the facility. The piping is placed between liquid chilling equipment and air handling equipment to produce appropriately cooled ventilation throughout the building. At the design stage, Baker County opposed one component of the chiller system. In response, Defendants provided the hospital with

---

[1] Baker County sues Summit Smith L.L.C. as a successor to a joint venture between Summit Healthcare Group. L.L.C. and C.D. Smith Construction. Baker County sues C.D. Smith as a present member of Summit Smith, L.L.C. and as a former member of the joint venture.

[2] Defendants also named Lake Mechanical Contractors and McQuay International in their third party complaint. Those defendants have since been dismissed. (Doc. ##55 and 130).

alternatives to the chiller system, including a direct expansion system (DX system) powered by multiple rooftop units. Baker County opted for the DX system. The original contract was modified to reflect the change from a chiller system to a DX system. (Doc. #89 at 3). This system was $338,000 less expensive than the chiller system. (Doc. #100 at 3). Defendants hired ECI to design the DX system.

Following construction, Baker County experienced problems with the hospital's cooling system, making multiple complaints to Defendants that the system did not cool properly. Defendants responded to these complaints, and attempted to remedy the problems. However, Baker County contends that the problems persist. In fact, based on the report of an outside contractor, Baker County argues that "band-aid" remedies will not resolve the air conditioning dilemma, arguing that the DX system design is defective. Based on these allegations, Baker County asserts that Defendants are in breach of the construction contract as it relates to the design and installation of the DX system. (Doc. #100 at 5).

## II. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute alone is not enough to defeat a properly pleaded motion for summary judgment; only the existence of a genuine issue of material fact will preclude the

grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Mize v. Jefferson City Bd. Of Educ.</u>, 93 F.3d 739, 742 (11th Cir. 1996)(citing <u>Hairston v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." <u>Jeffrey v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995)(citing <u>Celotex</u>, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary

judgment. <u>Samples *ex rel.* Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing <u>Augusta Iron & Steel Works, Inc. v. Employers Insurance of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)).

## III. Analysis

### A. Defendants' First Motion for Summary Judgment

Defendants request that the Court grant summary judgment on the entire complaint, arguing that the complaint was filed outside the statute of limitations. Defendants argue that Fla. Stat. 95.11(3)(c) provides the applicable statute of limitations, four years. Section 95.11(3)(c) provides:

> An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.

Defendants note that Baker County filed its original complaint on June 14, 2005. As such, Defendants contend that if the later of the events identified in 95.11(3)(c) occurred prior to June 14, 2001, then Baker County's claim is barred by the statute of limitations. Baker County contends that each of the events that trigger the running of the

statute of limitations, i.e. the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract, occurred prior to June 14, 2001.

In its response, Baker County argues, <u>inter</u> <u>alia</u>, that the construction contract was not completed before June 14, 2001, as the final payment on the construction contract was not made until well after June 14, 2001.  Supporting this contention, Baker County attached the affidavit of its Chief Financial Officer, Maria Allen. (Doc. #101-6).  In the affidavit, Allen represents that she made multiple payments on the construction contract to Defendants after June 14, 2001. (<u>Id.</u> at 5).  To verify her representations, the CFO attached dated copies of the wire transfers dated after June 14, 2001. (<u>Id.</u>, Ex. E, F, and G.)  For these reasons, Baker County argues that, because the contract was not completed prior to June 14, 2001, the statute of limitations does not bar this action.

The statute of limitations is an affirmative defense.  The defendants bear the burden of proof and persuasion as to a statute of limitations defense.  <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 450 F.3d 1257 (11th Cir. 2006)(citing <u>Carley Capital Group v. Deloitte & Touche, L.L.P.</u>, 27 F. Supp. 2d 1324, 1341 (N.D. Ga. 1998)). Defendants have not born their burden.

As noted, Baker County argues, with documentary support, that the final payments on the contract were not made until after June 14, 2001.  In their motion, Defendants argue that the final payments were

-6-

all made before June 14, 2001.  (Doc. #89 at 6).  However, later in the motion Defendants appear to take the opposite position, arguing that "as a matter of equity, Plaintiff cannot extend the limitations period due to non-payment of the contract balance." (Doc. #89 at 13). Defendants provide no precedential support for this proposition, nor has the Court found any.  For the foregoing reasons, the Court finds that Defendants have failed to carry their burden.

Moreover further support for this finding lies in black-letter contract law.  Contracts are typically considered complete upon each party's fulfillment of its contractual duties.  Restatement (Second) of Contracts § 235, cmt. a ("Under the rule stated in Subsection (1), a duty is discharged when it is fully performed. Nothing less than full performance, however, has this effect and any defect in performance, even an insubstantial one, prevents discharge on this ground.").  In exchange for the construction of the hospital, Baker County agreed to pay a certain amount.  As such, Baker County's duty is fulfilled only upon full payment of that sum.  As noted, there is evidence that Baker County made its final payment after June 14, 2001. If this is true, the contract would not have been completed by June 14, 2001.  As such, at the very least, there is a material factual dispute as to whether the contract was completed prior to June 14, 2001.  For the foregoing reasons, the Court denies Defendants' first motion for summary judgment.

## B. Defendants' Second Motion for Summary Judgment

In their second motion for summary judgment, Defendants request that the Court bar Baker County from seeking damages as to the cost of

a new chiller system or excess electrical costs.  Justifying these requests, Defendants cite the doctrines of waste and betterment. Additionally, Defendants seek to exclude an energy comparison chart created by a potential Baker County witness, arguing that the chart is irrelevant, unreliable, and that Baker County will not be able to lay the proper foundation for the comparison chart.  In short, through this motion, Defendants ask the Court to limit the available damages and make an evidentiary ruling.  Summary judgment is an inappropriate vehicle for such relief.

Summary judgment is designed to dispose of actions or claims. 10A C. Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u> § 2712 (2d ed. 1997).  "Federal Rule of Civil Procedure 56 does not permit a court to enter summary judgment on a portion of a claim, such as the issue of . . . damages."  <u>Air Caledonie Int'l v. AAR Parts Trading, Inc.</u>, Case No. 02-21193-CIV-Altonaga/Bandstra, 2003 U.S. Dist. LEXIS 15907, at *22 (S.D. Fla. 2003)(citing <u>Antenor v. D&S Farms</u>, 39 F. Supp. 2d 1372, 1375 n. 4 (S.D. Fla. 1999);  <u>Warner v. United States</u>, 698 F. Supp. 877, 879 (S.D. Fla. 1988)); <u>see also</u> <u>Minn. Life Ins. Co. v. AXA Inv. Mgr</u>, Civil No. 03-4383, 2005 U.S. Dist. LEXIS 12320, at *20 (D. Minn. June 22, 2005)("the Court finds that granting summary judgment solely on the damages issue would be inappropriate at this time.  Instead, the issue would be better considered in the form of a motion in limine at some later

time.")[3](citing <u>Slidell, Inc. v. Millennium Inorganic Chem., Inc.</u>,
Civil No. 02-213 (JRT/FLN), 2004 U.S. Dist. LEXIS 11738, at *12 (D.
Minn. June 28, 2004)); <u>WNS, Inc. v. Deck The Walls, Inc.</u>, No. 84 C
3880, 1986 U.S. Dist. LEXIS 17659, at *5 (N.D. Ill. November 14,
1986)("Under Rule 56(a), Fed.R.Civ.P., either party may move for
summary judgment in his favor upon 'all or any part thereof.'  The
courts have long held, however, that while this language could be
construed to permit summary judgment on only part of a claim, that the
motion must seek summary judgment on an entire claim or nothing at
all.")(citations omitted).

The Court recognizes that Rule 56(d), permits courts to grant
partial summary judgment.  However, Rule 56(d), does not provide an
avenue to obtain judgment on a portion of a claim.  In <u>Warner</u>, the
Court expanded on the function and propriety of a Rule 56(d) motion,
providing:

> A party may not make an independent Rule 56(d) motion.  Nor
> may Rule 56(d) be used to single out limited issues on which
> the court's advice may be obtained.  Rather, Rule 56 is
> ancillary to a motion for summary judgment and designed to
> "'salvage some results from the judicial effort involved in
> the denial of a motion for summary judgment.'"  "Rule 56(d)
> provides a method whereby a court can narrow issues and
> facts for trial after denying in whole or part a motion
> properly brought under Rule 56's other provisions. . . ."
> The court may enter an order pursuant to Rule 56(d) which
> frames and narrows triable issues if it finds that such an
> order would be helpful to advance the progress of the
> litigation.  Therefore, the court must first determine
> whether the Plaintiff is entitled to succeed on his Motion
> as to liability pursuant to Rules 56(a) and ©).  In the event

---

[3] Defendants have recently filed, on April 19, 2007, a motion
in limine (Doc. #138), which advances essentially the same
arguments raised in its motion for partial summary judgment.

> that Plaintiff's motion does not result in a judgment for
> all the relief requested, the court will then consider
> whether an order in accordance with Rule 56(d) will be
> beneficial.

698 F. Supp. at 878 (citations omitted). Defendants' motion appears

to have been made pursuant to Rule 56 (a). Even if Defendants had

intended to request relief pursuant to Rule 56(d), such relief would

be inappropriate, most significantly because a party may not make an

independent Rule 56(d) motion. Accordingly, the requested relief,

barring Baker County from seeking the cost of a new chiller system and

excluding the energy comparison chart, is inappropriate. For the

foregoing reasons, the Court denies the Defendants' motion for summary

judgment.

## C. Third Party Defendant's Motion for Summary Judgment

ECI raises five grounds for the entry of summary judgment in its

favor, including: (1) the statute of limitations has run; (2) Third

Party Plaintiffs[4] are not licensed contractors, and thus are precluded

from bringing suit; (3) Third Party Plaintiffs' contribution claim is

improper as Third Party Plaintiffs were not sued in tort; (4) the

indemnity claim is inappropriate as Third Party Plaintiffs are not

without fault; and (5) Third Party Plaintiffs are not registered to do

business in Florida thus the door closing statute divests Third Party

Plaintiffs of standing. As to the contribution claim, Third Party

---

[4] In the context of ECI's motion for summary judgment, the
Court will refer to Defendants/Third Party Plaintiffs as Third
Party Plaintiffs.

Plaintiffs concede that the contribution claim is unsustainable, as no tort claim was pleaded.  As such, as to the contribution claim, the Court grants ECI's motion for summary judgment.  The Court will address ECI's other arguments in turn.

**1. Statute of Limitations**

ECI contends that Florida Statutes § 95.11(4)(a), which imposes a two year statute of limitations, governs Third Party Plaintiffs' claims.  In the alternative, ECI argues that, if the Court finds § 95.11(4)(a) inapplicable, that Florida Statutes § 95.11(3)(c) controls, which, as already noted, establishes a four year statute of limitations.  In response, Third Party Plaintiffs contend, <u>inter alia</u>, that in an indemnity action the statute of limitations "does not begin to run until the action against the indemnitee [Third Party Plaintiffs] has ended or the liability has been settled or discharged by payment."  (Doc. #136 at 7)(citing <u>Castle Constr. Co. v. Huttig Sash & Door Co.</u>, 425 So. 2d 573, 574-75 (Fla. 2d DCA 1982)("The statute of limitations for an action seeking indemnity does not begin running until the litigation against the third-party plaintiff has ended or the liability, if any, has been settled or discharged by payment."); <u>Scott & Jobalia Constr. Co. v. Halifax Paving, Inc.</u>, 538 So. 2d 77, 79 (Fla. 5th DCA 1989)).  The Court concurs.  Further, for the reasons stated in section III-(a), <u>supra</u>, the Court finds that there exists an issue of material fact as to whether Baker County filed its complaint outside § 95.11(3)(c)'s four-year statute of limitations.  Accordingly, to the extent that ECI argues that it is

entitled to summary judgment as Defendant's claims are barred by the statute of limitations, the Court denies ECI's motion for summary judgment.

## 2. Licensure

ECI argues that Third Party Plaintiffs are not licensed contractors. For that reason, ECI contends that the Third Party Plaintiffs are precluded from bringing this action. Specifically, ECI argues that the joint venture, of which Third Party Plaintiffs were members, never obtained a license. In support of its arguments, ECI cites to multiple sections of Chapter 489, Florida Statutes, which govern "the licensing, registration and certification of construction contractors." Lake Eola Builders, L.L.C. v. Metro. at Lake Eola, L.L.C., 416 F. Supp. 2d 1316 (M.D. Fla. 2006). Specifically, ECI referenced § 489.113(1), § 489.119(2)(c), and § 489.128(1). Taken together, ECI argues that these statutes preclude Third Party Plaintiffs from maintaining their action against ECI, as the Third Party Plaintiffs were not properly licensed.

In Lake Eola Builders, the Court was faced with a similar, though not precisely analogous, set of facts. There, Lake Eola Builders (LEB) sued Metro on a construction contract. Defending, Metro claimed that LEB was not properly licensed pursuant to § 489.119 and accordingly, pursuant to § 489.128, was precluded from recovering on the contract. In synthesizing the import of these sections, the court provided:

> An individual contractor is to be considered unlicensed for purposes of Section 489.128 if he or she "does not have a license required by this part concerning the scope of the work to be performed under the contract." Section 489.128(1)(a). In contrast, the statute specifies that the lack of a certificate of authority is not grounds for considering a business organization to be unlicensed. Section 489.128(1)(b). Rather, a business organization contractor is to be considered unlicensed if it "does not have a primary or secondary qualifying agent in accordance with this part concerning the scope of the work to be performed under the contract." Section 489.128(1)(a). Finally, the statute provides that the contractor's licensing status is to be assessed as of the effective date of the contract except under circumstances not present here. Section 489.128(1)(c).

Id. at 1318-19.

To determine whether LEB was properly licensed, the court properly framed the inquiry as whether LEB had a primary or secondary qualifying agent.   Id. at 1319.   In addressing this question, the court analyzed as follows:

> Section 489.128 was created "to protect the public from the activities of incompetent contractors." As such, the Court finds that the best method for determining whether LEB should be considered licensed is to determine whether LEB had a qualified contractor who was responsible for the []project beginning with the effective date of the contract. Construing the evidence in the light most favorable to LEB, the Court finds that LEB has at least created a disputed issue of material fact as to this point. Owens -- a licensed general contractor at all relevant times -- signed the contract on behalf of LEB. According to Pertree's affidavit, Owens supervised and was responsible for the Four Points project from its beginning.

Id. (citations omitted).  Similarly, the Court will look to whether Third Party Plaintiffs had a qualified contractor who was responsible for the project.  So doing and taking the facts in the light most favorable to Third Party Plaintiffs, the Court finds that Third Party

Plaintiffs had a qualified contractor, C.D. Smith.  ECI concedes that C.D. Smith is a properly licensed contractor.  (Doc. #118 at 8). Further, there is evidence in the record, including a project manual listing C.D. Smith as the contractor on the project, that establishes that C.D. Smith was supervising the project.  (Doc. #136-5 at 1).  As such, there is at a minimum a genuine issue of fact as to whether Third Party Plaintiffs were properly licensed.  Accordingly, as to ECI's licensure argument, the Court denies ECI's motion for summary judgment.

**3. Indemnification**

ECI argues that Third Party Plaintiffs do not have a viable indemnity claim.  ECI argues that there is no contractual indemnity provision.  ECI also contends, citing Houdaille Indus. Inc. v. Edwards, 374 So. 2d 490 (Fla. 1979), that a common law indemnity claim is unsustainable, as Baker County has alleged that Third Party Plaintiffs are at fault and common law indemnification is not available if the plaintiff shares any fault.  In their response, Third Party Plaintiffs agree that this is a correct statement of the law. However, Third Party Plaintiffs argue that ECI has not established the absence of a genuine issue of material fact as to whether Third Party Plaintiffs shared in any fault.  The Court agrees.

ECI, in arguing that Third Party Plaintiffs are not without fault, merely cites to the allegations in Baker County's complaint. Simply identifying allegations does not render those allegations true.

To succeed on its arguments, ECI would have had to have established that there is no genuine issue of material fact that the Third Party Plaintiffs were at least partially at fault. ECI has not met this burden. For that reason, to the extent that ECI moves for summary judgment on Third Party Plaintiffs' indemnity claim, summary judgment is denied.

## 4. Registered to do Business

ECI asserts that Third Party Plaintiffs transact business in Florida. As such, ECI argues that Third Party Plaintiffs' are required to obtain a certificate of authority pursuant to Florida Statute § 607.1501. Section 607.1501(1) provides that "[a] foreign corporation may not transact business in this state until it obtains a certificate of authority from the Department of State." ECI contends that Third Plaintiffs have not obtained the requisite certificate of authority. Indeed, ECI requests that the Court take judicial notice of the fact that "Third Party Plaintiffs are not authorized to transact business in the State of Florida."[5] (Doc. #118

---

[5] The Court denies that request. Federal Rule of Evidence 201(b) provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." ECI appears to argue that judicial notice is proper under the second prong, identifying that the Florida Department of State, Division of Corporations, website confirms that WHG has never been registered to do business in Florida. First, like Third Party Plaintiffs, the Court is unsure who WHG is. (Doc. #136 at 14)("It is unclear as to who ECI is referring to when they refer to WHG."). Moreover, C.D.
(continued...)

at 11).   As a consequence of this alleged failure, ECI argues that, pursuant to Florida Statutes § 607.1502,[6] Third Party Plaintiffs are precluded from maintaining this action against ECI.   In making these arguments, ECI referred to the Third Party Plaintiffs collectively.

In their response, Third Party Plaintiffs analyzed each Third Party Plaintiff individually.   As to C.D. Smith, Third Party Plaintiffs argue that C.D. Smith is properly registered to transact business.   Third Party Plaintiffs attached a document from the Florida Department of State confirming this contention. (Doc. #136-7).   As to Summit Healthcare Group, L.L.C., Third Party Plaintiffs argue that Summit Healthcare Group's business with ECI did not constitute transacting business in Florida.   As such, Third Party Plaintiffs assert that Summit Healthcare Group is not required  to obtain a certificate of authority.   Lastly, addressing Summit Smith L.L.C., Third Party Plaintiffs argue that Summit Smith L.L.C. was not involved in the hospital project, nor has Summit Smith L.L.C. engaged in any business related activity in Florida.   Accordingly, Third Party Plaintiffs argue that Summit Smith L.L.C. is not required to obtain a

---

[5](...continued)
Smith, one of the Third Party Plaintiffs, is authorized to transact business. (Doc. #136-7).   As such, the fact of which ECI requests the Court to take judicial notice is inaccurate.   For these reasons, the Court denies ECI's request.

[6]  Section 607.1502(1) provides that "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

certificate of authority.  Third Party Plaintiffs ask, to the extent
that the Court finds that any Third Party Plaintiff lacks standing,
that the Court grant a short stay, as permitted by the door-closing
statute,[7] to allow that entity to obtain the appropriate certificate
of authority.

"The Florida courts hold the failure to comply with the Florida
[door-closing] statute is an affirmative defense to an action by a
foreign corporation."  Norman M. Morris Corp. v. Weinstein, 466 F.2d
137, 142 (5th Cir. 1972)(citing Farrell v. Forest Inv. Co., 74 So.
216, 224 (Fla. 1917).  The party raising the affirmative defense has
the burden of proving it.  Thorsteinsson v. M/V Drangur, 891 F.2d 1547,
1551 (11th Cir. 1990)(finding that the party asserting the affirmative
defense bears the burden of proof)(citing Superior Oil Co. v. Devon
Corp., 458 F. Supp. 1063, 1071 (D.Neb. 1978);  Howard v. Green, 555
F.2d 178, 181 (8th Cir.1977); Natural Resources, Inc. v. Wineberg, 349
F.2d 685, 688 n. 3 (9th Cir.1965); see also Cullum v. Packo, 947 So.
2d (Fla. 1st DCA 2006)("[defendant] raised . . . [the] affirmative
defense and . . . thus bear[s] the burden of proving the affirmative
defense.")).  ECI has not carried that burden.

ECI's arguments are vague and conclusory.  ECI offers no evidence
that the Third Party Plaintiffs have transacted business in Florida,

_____

[7] Section 607.1502(3) provides that "[a] court may stay a
proceeding commenced by a foreign corporation or its successor or
assignee until it determines whether the foreign corporation or its
successor requires a certificate of authority. If it so determines,
the court may further stay the proceeding until the foreign
corporation or its successor obtains the certificate."

as defined by the Florida case law interpreting the door-closing statute, or that Third Party Plaintiffs have failed to register. Indeed the only argument that ECI makes is that, "[i]t can not be disputed that Third Party Plaintiffs are not authorized to transact business in the State of Florida." (Doc. #118 at 11). This lone statement is insufficient to establish that each of the Third Party Plaintiffs improperly transacted business in Florida without a certificate of authority. Indeed, Third Party Plaintiffs have already established the falsity of this argument, pointing out that C.D. Smith is registered to do business in Florida. Accordingly, to the extent that ECI argues that it is entitled to summary judgment because Third Party Plaintiffs have failed to comply with § 607.1502, the Court denies ECI's motion for summary judgment.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1.   The Motion for Final Summary Judgment on Plaintiff's Complaint (Doc. #89) is **DENIED.**

2.   The Motion for Partial Summary Judgment as to Plaintiff's Damages (Doc. #116) is **DENIED.**

3.   ECI's Motion for Summary Judgment (Doc. #118) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>25th</u> day of April, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record